IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDRICK VARNER,

    Petitioner,                    No. CIV S-07-2494 MCE EFB P

    vs.

D. K. SISTO, et al.,

    Respondents.              ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges the California governor's reversal of a decision of the California Board of Parole Hearings (hereafter, the "Board") that petitioner is suitable for parole and argues that the reversal decision denied him due process because it was based solely on petitioner's commitment offense and allegedly was not supported by any evidence that petitioner poses a current danger to the community. Respondents request that the court stay this action until the Ninth Circuit issues its mandate in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, 527 F.3d 797 (9th Cir. May 16, 2008). For the reasons explained below, respondents' request is denied.

    In *Hayward*, a three-judge panel of the Ninth Circuit concluded that the governor's reversal of the Board's finding that Hayward was suitable for parole violated Hayward's due

1

process rights and entitled Hayward to habeas relief. The panel found that the unchanging factors of Hayward's criminal history, unstable social history, and commitment offense did not provide "some evidence" to support the governor's reversal because they did not constitute evidence that Hayward would pose a current danger to public safety if released from prison. On May 16, 2008, the Ninth Circuit granted en banc review in *Hayward*. The issues before the en banc panel include: (1) whether the district court must issue a Certificate of Appealability for the Ninth Circuit to have appellate jurisdiction; (2) whether prisoners have a constitutionally protected liberty interest in parole; and (3) if a liberty interest is created, what process is due under clearly established Supreme Court authority. Respondents contend that because "the resolution of *Hayward* could significantly impact this case[,] issuing a stay would prevent unfairness and serve the interests of judicial economy." Resp.'s Req. at 2.

It is true that this court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (a district court has broad discretion in deciding whether to stay proceedings in its own court). However, habeas proceedings "implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *INS v. Yong*, 208 F.3d 1116, 1120 (9th Cir. 2000). In *Yong,* the Ninth Circuit held that considerations of judicial economy cannot justify "an indefinite, potentially lengthy stay in a habeas case" and reversed the district court's decision to indefinitely stay a habeas proceeding pending resolution of a separate Ninth Circuit case considering related issues. *Id.* at 1120 ("'The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if . . . trial courts do not act within a reasonable time.' [] A long stay also threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." (internal citation omitted)).

2

Much like the stay at issue in *Yong*, the stay at issue in the present case is indefinite and potentially lengthy since there is no set date for a decision in *Hayward*.[1] Moreover, although it is likely that *Hayward* will provide guidance for analyzing parole habeas cases, there are numerous other decisions from the Ninth Circuit which bear on the issues in petitioner's habeas application. *See Superintendent v. Hill*, 472 U.S. 445, 457 (1985); *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003); *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127-28 (9th Cir. 2006); *Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007). Therefore, regardless of whether respondents' requested stay in this case might serve the interests of judicial economy, the stay is not appropriate.

Accordingly, it is hereby ORDERED that:

1. Respondent's May 27, 2008 request that this case be stayed pending the Ninth Circuit's issuance of the mandate in *Hayward* is denied; and,

2. Respondents are directed to file a response to the petition as set forth in the court's April 9, 2008 order, with all dates being calculated from the date of service of the present order.

Dated: May 26, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, as the Circuit noted in *Yong*, if a petition for writ of certiorari is filed, the Circuit could stay issuance of the mandate in *Hayward* pending review by the Supreme Court under Rule 41(d) of the Federal Rules of Appellate Procedure. 208 F.3d at 119 n.2. In such a scenario, the stay that respondents request in this action could potentially be in place for a very long time.